United States District Court
Southern District of Texas

**ENTERED**

May 12, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR WILFREDO GARCIA CRUZ, | § § | CIVIL ACTION NUMBER 4:26-cv-02412 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

## ORDER

Petitioner Oscar Wilfredo Garcia Cruz filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 25, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at ¶¶37–46.

Pending also is a motion by the Government to dismiss, or in the alternative, for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 1. It further contends Petitioner's detention doesn't violate substantive or procedural due process. Id at 2–10.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex).

The arguments presented by Petitioner in the petition and supplement raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Oscar Wilfredo Garcia Cruz is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___May 12, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

2